Arita v FDS Assoc., LLC (2026 NY Slip Op 01152)

Arita v FDS Assoc., LLC

2026 NY Slip Op 01152

Decided on March 03, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 03, 2026

Before: Webber, J.P., Shulman, Higgitt, Rosado, Hagler, JJ. 

Index No. 22999/19|Appeal No. 5975|Case No. 2025-05704|

[*1]Arturo Arita, Plaintiff-Respondent,
vFDS Associates, LLC, Defendant-Respondent.

FDS Associates, LLC, Third-Party Plaintiff-Respondent,
vThe City of New York, Third-Party Defendant-Appellant.

Resnick & Louis, P.C., Tarrytown (Kelly C. Griffin-Fromm of counsel), for appellant.
Gorayeb & Associates, P.C., New York (Jonathan D. Moran of counsel), for Arturo Arita, respondent

Order, Supreme Court, Bronx County (Myrna Socorro, J.), entered on or about August 12, 2025, which denied third-party defendant The City of New York's motion for leave to amend its answer, strike the note of issue for the purposes of conducting further discovery, and to stay the then pending summary judgment motions, unanimously modified, on the law, to grant the motion to the extent of permitting further limited discovery in accordance with this order, and otherwise affirmed, without costs.
The motion court properly denied the City leave to amend its answer to add the affirmative defenses of fraud and fraud on the court based on a RICO complaint filed in federal court naming plaintiff's attorneys and some of his medical providers as defendants (see Linares v City of New York, 233 AD3d 479, 480 [1st Dept 2024]).
However, the court should have granted the City's motion to the extent it sought further discovery from plaintiff (see Franco v 800 E 173 LLC, 240 AD3d 446 [1st Dept 2025]; Lituma v Liberty Coca-Cola Beverages LLC, 243 AD3d 504, 505 [1st Dept 2025]). The City should be permitted to conduct further limited discovery in the form of a deposition of plaintiff, constrained to what knowledge he had, if any, of the facts underlying allegations in the RICO action brought against his attorneys and medical providers, and discovery of any documents the City may learn about during that deposition. This limited discovery, however, can be conducted while the case remains on the calendar trial (see 22 NYCRR 202.21[d]).
The City's request for a stay of plaintiff's summary judgment motion is moot, as a decision has been rendered on that motion.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 3, 2026